UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| APPLIED BALLISTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:23-cv-2060-JMS-MKK |
| | ) |
| SHELTERED WINGS, INC. d/b/a | ) |
| VORTEX OPTICS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff Applied Ballistics, Inc., ("Applied Ballistics") entered into a License Agreement with Defendant Sheltered Wings, Inc. d/b/a Vortex Optics ("Vortex"). The License Agreement granted Vortex access to Applied Ballistics' software and trade secrets in connection with Vortex's promotion and sale of Applied Ballistics-licensed products and services. Applied Ballistics initiated this lawsuit against Vortex, alleging that Vortex breached the License Agreement and misappropriated Applied Ballistics' trade secrets for its own benefit. [Filing No. 26.] Vortex has filed a Motion to Dismiss for Improper Venue and Failure to State a Claim Upon Which Relief Can Be Granted, [Filing No. 40], which is now ripe for the Court's consideration.

## I.
### STANDARD OF REVIEW

Vortex challenges venue under both Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404. Vortex also moves to dismiss two claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. Rule 12(b)(3)

Under Rule 12(b)(3), a party can move to dismiss an action for "improper venue." The question of whether venue is "improper" under Rule 12(b)(3) "is generally governed by 28 U.S.C. § 1391," the general venue statute. *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). When deciding a motion to dismiss under Rule 12(b)(3), the Court must accept the allegations in the plaintiff's complaint as true unless those allegations are contradicted by evidence submitted by the defendant. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). "Rule 12(b)(3) is a somewhat unique context of dismissal in that a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.* "Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate." *Id.* at 809-10. "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015) (citing *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981)). If venue is proper under 28 U.S.C. § 1391, the case may not be dismissed under Rule 12(b)(3). *Atl. Marine Constr. Co.*, 571 U.S. at 56.

### B. Transfer Under 28 U.S.C. § 1404(a)

Even if venue is proper under 28 U.S.C. § 1391, a case can be transferred under 28 U.S.C. § 1404. Section 1404 states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* § 1404(a). "[T]he overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice.'" *Atl. Marine Constr. Co.*, 571 U.S. at 63. "[I]n all but the most exceptional cases," the

2

interest-of-justice determination gives way to the "controlling weight" of a valid forum selection clause. *Id.* "District courts have broad discretion to grant or deny a motion to transfer under [28 U.S.C.] § 1404(a), and will not be reversed absent a clear abuse of discretion." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

### C. Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.
### BACKGROUND

The following are the relevant factual allegations set forth in the Amended Complaint, the operative Complaint in this case, which the Court accepts as true at this time:

Applied Ballistics is a "premier provider of ballistics software used by long-range shooters." [Filing No. 26 at 1.] Its software is integrated into software applications and hardware produced and sold by original equipment manufacturers and has been included in the specifications for government contracts. [Filing No. 26 at 1.] Applied Ballistics has devoted extensive resources and efforts to the development of its software and underlying data, protocols, and equations. [Filing No. 26 at 1.] Accordingly, it has taken steps to maintain the trade secret status of the

3

technology incorporated into that software and derives great economic value from those trade secrets remaining secret.  [Filing No. 26 at 1.]

In October 2017, Applied Ballistics and Vortex entered into a License Agreement.  [Filing No. 26 at 4.]  Vortex sought the License Agreement so that it could include Applied Ballistics' software as a part of its FURY HD 5000 AB laser rangefinder ("FURY HD").  [Filing No. 26 at 4.]  The License Agreement imposed a duty of confidentiality on Vortex regarding confidential information disclosed to it by Applied Ballistics and imposed royalties for all sales of the FURY HD product and future Vortex products that used confidential information from Applied Ballistics.  [Filing No. 26 at 5-6.]  The License Agreement also provides:

> This [License] Agreement will be governed by Delaware law, excluding its choice of law provisions.  Any actions relating to this Agreement will be brought only in a federal or state court of competent jurisdiction located in the State of Delaware, and both Parties consent to exclusive venue and jurisdiction therein.  [("Forum Selection Clause").]
>
> * * *
>
> This [License] Agreement shall be governed by and subject to the laws of the State of Delaware, and Licensee consents to the jurisdiction of the state and federal courts of Indiana for any enforcement of this Agreement or disputes arising therefrom.  [("Consent to Jurisdiction Clause").]

[Filing No. 49-4 at 2.]

In 2019, Applied Ballistics and Vortex worked together to develop a new product, VIPER HD 3000 ("VIPER HD") at a price point lower than FURY HD.  [Filing No. 26 at 6.]  Samples of VIPER HD included Applied Ballistics' confidential software and trademarks on the product, its packaging, and its instruction manuals.  [Filing No. 26 at 6.]  Applied Ballistics authorized Vortex to proceed with commercialization of the VIPER HD, including its use of confidential software.  [Filing No. 26 at 6.]  The inclusion of the confidential software in the VIPER HD made the VIPER HD subject to the License Agreement.  [Filing No. 26 at 7.]

4

Without notice to Applied Ballistics, Vortex took steps to "disable access" to the licensed software on some or all of the VIPER HD units. [Filing No. 26 at 7.] Despite being disabled, the software still remained on the units. [Filing No. 26 at 7.] The disabled units were sold to Vortex customers. [Filing No. 26 at 7.] Vortex was not paying royalties on the VIPER HD units it had sold, and Applied Ballistics inquired into why. [Filing No. 26 at 7.] Vortex answered that it did not need to pay royalties on the VIPER HD units it sold because it had "disabled" the licensed software. [Filing No. 26 at 7.] Applied Ballistics disagreed with Vortex's reading of when royalties are due under the License Agreement. [Filing No. 26 at 7.]

Applied Ballistics filed this lawsuit on November 15, 2023, and filed the operative Amended Complaint on February 14, 2024.[1] [Filing No. 1; Filing No. 26.] The Amended Complaint alleges that Vortex violated the Federal Defend Trade Secrets Act, 18 U.S.C. § 1832, *et seq.* and the Indiana Uniform Trade Secrets Act, Indiana Code § 24-2-3 *et seq.*, and breached the License Agreement. [Filing No. 26 at 12-13.] Vortex has moved to dismiss the Amended Complaint for improper venue, or in the alternative, transfer the matter to the United States District Court for the District of Delaware, and to the extent the Court declines to dismiss or transfer, Vortex has further moved to dismiss both trade secret claims for failure to state a claim. [Filing No. 41.]

---

[1] Applied Ballistics provides additional factual allegations of Vortex's misappropriation of Applied Ballistics' trade secrets, but such facts are not relevant to the Court's analysis and are therefore not included. [*See* Filing No. 26 at 8-10.]

## III.
### DISCUSSION

**A. Rule 12(b)(3) and 28 U.S.C. § 1404(a)**

At the outset, the Court provides background on the different mechanisms of Rule 12(b)(3) and 28 U.S.C. § 1404(a). Rule 12(b)(3) is a mechanism for challenging venue in accordance with federal venue laws, generally 28 U.S.C. § 1391,[2] and not an appropriate mechanism for enforcing a contractual provision governing where a suit may be brought, or a "forum-selection clause." *Atl. Marine Constr. Co.*, 571 U.S. at 55 ("[Defendant] contends that a party may enforce a forum-selection clause by seeking dismissal of the suit under . . . Rule 12(b)(3). We disagree. . . . Rule 12(b)(3) allow[s] dismissal only when venue is . . . 'improper.' Whether venue is . . . 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those [laws] say nothing about a forum-selection clause."). Rather, the appropriate mechanism for enforcing a forum-selection clause in a contract is either the *forum non conveniens* doctrine or 28 U.S.C. § 1404(a), which is "merely a codification of the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co.*, 571 U.S. at 59-60.[3] Distilled, the mechanisms

---

[2] Section 1391 governs "venue generally," but there are more specific venue provisions, such as 28 U.S.C. § 1400, which identifies the proper venue for copyright and patent suits. *Compare* 28 U.S.C. § 1391, *with* 28 U.S.C. § 1400; *see also Atl. Marine Constr. Co.*, 571 U.S. at 55 n.2. In relevant part, 28 U.S.C. § 1391 provides: "A civil action may be brought in--(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

[3] Both the *forum non conveniens* doctrine and 28 U.S.C. § 1404(a) "entail the same balancing-of-interests standard" and are subject to the same evaluation, but the *forum non conveniens* doctrine is used when the contract points to a state or foreign forum, whereas 28 U.S.C. § 1404(a) is used when the contract points to a federal forum. *Atl. Marine Constr. Co.*, 571 U.S. at 60-61.

of Rule 12(b)(3) and 28 U.S.C. § 1404(a) raise separate issues and require separate legal analysis. With this background, the Court now turns to the parties' arguments under both Rule 12(b)(3) and 28 U.S.C. § 1404(a).

1. *Rule 12(b)(3) Motion to Dismiss for Improper Venue*

Vortex argues that the Court should dismiss the case under Rule 12(b)(3) because the License Agreement mandates that the proper forum is the United States District Court for the District of Delaware.  [Filing No. 41 at 3-12.]  It argues that "[u]nder Rule 12(b)(3), a case should be dismissed for improper venue when a private agreement 'use[s] express language clearly indicating that the forum selection clause excludes all other courts before which those parties could otherwise properly bring an action.'"  [Filing No. 41 at 5 (quoting *PPF Safeguard, LLC v. BCR Safeguard Holding, LLC*, 2010 WL 2977392, at *7 n.59 (Del. Ch. July 29, 2010)).]  Vortex also cites several other Delaware state court cases to support its position, all from 2010 or earlier. [Filing No. 41 at 5-6.]  Vortex does not cite to or otherwise make an argument under 28 U.S.C. § 1391 or any other federal venue law.  [*See* Filing No. 41.]

Therefore, the Court need not go further on this issue.  The Supreme Court in 2013 made clear that a Rule 12(b)(3) motion is decided under federal venue laws—none of which Vortex even cites to or makes an argument under—and is an inappropriate mechanism for enforcing a forum-selection clause.  *Atl. Marine Constr. Co.*, 571 U.S. 55 (holding that a party may not enforce a forum-selection clause by seeking dismissal under Rule 12(b)(3), and that dismissal under Rule 12(b)(3) "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal [statutory] venue laws," which "say nothing about a forum-selection clause").  Thus, Vortex's cases, all of which are state court decisions that pre-date the Supreme Court's directive in *Atlantic Marine Construction Co.*, 571 U.S. 49 (2013), do not help its position,

7

and since it did not develop any argument as to why venue is improper under federal venue laws, it has waived the argument. *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (stating that venue can be both waived and forfeited by failure to make an argument at the proper time); *Ross v. Fin. Asset Mgmt. Sys., Inc.*, 74 F.4th 429, 434 (7th Cir. 2023) ("When a party fails to develop an argument . . . the argument is waived . . . .") (citation omitted); *see also Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704 (7th Cir. 2022) ("Seventh Circuit precedent is clear that 'perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived.'") (quoting *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021)). The Court **DENIES IN PART** Vortex's Motion to Dismiss, [Filing No. 40], for improper venue under Rule 12(b)(3).

      2. *Transfer Under 28 U.S.C. 1404(a)*

The Court turns next to Vortex's argument that, if dismissal is not proper under Rule 12(b)(3), then the Court should transfer the case to the District of Delaware under 28 U.S.C. § 1404(a). Vortex contends the Forum Selection Clause in the License Agreement is valid under Delaware law and "explicitly mandates that all actions relating thereto must be brought in Delaware." [Filing No. 41 at 5-6; Filing No. 41 at 8.] It argues that the Court need not consider the private interest factors that accompany an analysis under 28 U.S.C. § 1404(a) because when parties agree to a forum-selection clause, the parties waive the right to challenge the preselected forum as inconvenient. [Filing No. 41 at 9.] It also argues that the remaining public interest factors that accompany an analysis under 28 U.S.C. § 1404(a) are not strong enough to keep the case in this forum. [Filing No. 41 at 9.] It contends that although the License Agreement states elsewhere that Vortex "consents to the jurisdiction of the state and federal courts of Indiana," the issues of venue and jurisdiction are separate, and the Forum Selection Clause explicitly states that actions must be brought in Delaware. [Filing No. 41 at 9-10 (emphasis omitted).]

In response, Applied Ballistics argues that the License Agreement is ambiguous under Delaware law and requires consideration of parol evidence. [Filing No. 49 at 5-6.] It contends that parol evidence resolves the dispute and "bars Vortex from objection to the litigation of this dispute in Indiana." [Filing No. 49 at 7 (citations omitted).] It further argues that Vortex "presents no arguments that would support transfer for the convenience of the parties or their witnesses" because neither party has a relationship to Delaware. [Filing No. 49 at 8.]

In reply, Vortex argues that the terms of the License Agreement are not ambiguous and that the terms clearly provide for exclusive venue in Delaware. [Filing No. 54 at 2.] It contends that "[t]he fact that the terms [of the License Agreement] also provide that the parties consented to jurisdiction in [Indiana], does nothing to alter the clear agreement on venue" lying only in Delaware. [Filing No. 54 at 2-3.] It argues that parol evidence is improper, and even if it were not improper, parol evidence does not show that the parties intended venue in Indiana. [Filing No. 54 at 4-5.] Vortex also asserts that Applied Ballistics' "convenience" argument improperly seeks to shift the burden to Vortex. [Filing No. 54 at 5.]

Contractual provisions governing where a suit may be brought, or "forum selection clauses," have become "nearly ubiquitous in all manner of contracts." Wright & Miller, 14D Federal Practice & Procedure § 3803.1 (4th ed. 2023). If a forum selection clause points to a federal venue, the Court may order the case to be transferred to the appropriate federal venue under 28 U.S.C. § 1404(a) if transfer serves "the convenience of the parties and witnesses" and will promote the "interest[s] of justice." 28 U.S.C. § 1404(a); *see also* Atl. Marine Constr. Co., 571 U.S. at 59 ("Section 1404(a) therefore provides a mechanism for enforcement of [a] forum-selection clause that point to a particular federal district.").

But before applying § 1404(a), the parties first ask the Court to construe the Forum Selection Clause and the Consent to Jurisdiction Clause under Delaware law to decide if the License Agreement requires the case to be brought in the District of Delaware, as Vortex contends, or if it can remain in this Court, as Applied Ballistics contends. [*See* Filing No. 41 at 5-8; Filing No. 49 at 5-8.] If the License Agreement requires the case to be brought in the District of Delaware, the Court will subsequently analyze whether, under § 1404(a), transfer is appropriate because it serves "the convenience of the parties and witnesses" and will promote the "interest[s] of justice." 28 U.S.C. § 1404(a).

      a. <u>Construction of the License Agreement</u>

The parties argue that Delaware law governs the Court's interpretation of the Forum Selection Clause and the Consent to Jurisdiction Clause because the License Agreement states that it is governed by Delaware law. [Filing No. 41 at 5-6; Filing No. 41 at 5-6 n.1 (Vortex arguing that the Court must interpret the License Agreement in accordance with the law chosen to govern the contract and applying Delaware law); Filing No. 49 at 6-8 (Applied Ballistics applying Delaware law in response).] Because the parties' briefs rested on the assumption that Delaware law, not federal law, governs the parties' threshold dispute on the construction of the License Agreement, the Court applies Delaware law to construe the License Agreement. *See IAC/InterActiveCorp*, 44 F.4th at 640 ("We apply federal law—not California law—as the substantive law governing the validity of this forum selection clause because both parties briefed this case on the assumption we would."); *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 438 (7th Cir. 2012) ("[N]either side has asked either the district judge or us to apply Mexican law to the clause; their debate over its enforceability is framed entirely as a dispute about American law, and so the issue of the applicable law has been waived.").

10

Vortex argues that the Forum Selection Clause is valid, clear, and appropriate in scope to encompass all claims pled. [Filing No. 41 at 3-8.] In response, Applied Ballistics only argues that the clauses are ambiguous, and that parol evidence must be considered to resolve the ambiguity, which will show "that Indiana is the appropriate jurisdiction in which to resolve the pending dispute." [Filing No. 49 at 6; see Filing No. 49 at 5-8.] The Court therefore only focuses on the parties' dispute over ambiguity and finds that Applied Ballistics has waived any argument in opposition to Vortex's assertion that the Forum Selection Clause is valid and appropriate in scope to encompass all claims pled. See Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); see also Abrego v. Wilkie, 907 F.3d 1004, 1012 (7th Cir. 2018) (holding that the district court correctly concluded that plaintiff's failure to respond to defendant's arguments result in waiver).

Under Delaware law, "[a] term is not ambiguous . . . because the parties do not agree on its proper construction." Zurich Am. Ins. Co. v. Syngenta Crop Prot. LLC, -- A.3d ---, 2024 WL 763418, at *7 (Del. Feb. 26, 2024) (citation omitted). "[A] contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings." Id. (citation omitted); Vermeer v. Univ. of Del., -- F. Supp. 3d ---, 2024 WL 81291, at *6 (D. Del. Jan. 8, 2024) (same). If the text is ambiguous, extrinsic evidence may be considered. Vermeer, 2024 WL 81291, at *6. But "[a]bsent ambiguity, contract terms should be accorded their plain and ordinary meaning," Zurich Am. Ins. Co., 2024 WL 763418, at *7, and extrinsic evidence will not be considered, Vermeer, 2024 WL 81291, at *6.

Again, the clauses read:

> This [License] Agreement will be governed by Delaware law, excluding its choice of law provisions. Any actions relating to this Agreement will be brought only in a federal or state court of competent jurisdiction located in the State of Delaware, and both Parties consent to exclusive venue and jurisdiction therein.

\* \* \*

> This [License] Agreement shall be governed by and subject to the laws of the State of Delaware, and Licensee consents to the jurisdiction of the state and federal courts of Indiana for any enforcement of this Agreement or disputes arising therefrom.

[Filing No. 49-4 at 2 (section numbers omitted).]

Applied Ballistics argues that venue is not required in Delaware because an ambiguity exists in the License Agreement in that one provision states that the parties consent to jurisdiction in Delaware and another provision states that Vortex consents to jurisdiction in Indiana. [Filing No. 49 at 5.] This argument fails for two reasons.

First, it is based on the false premise that venue and jurisdiction are the same. To the contrary, the issues of venue and jurisdiction are separate. *See* Wright & Miller, 14D Federal Practice and Procedure § 3801 (4th ed. 2023) ("Sometimes venue is confused with subject matter jurisdiction. This ought not happen, because the two concepts are quite different" and "[p]ersonal jurisdiction and venue [are also] separate concepts."); *Escal Inst. of Adv. Techs., Inc. v. Treadstone 71, LLC*, 2023 WL 4825625, at *3 (D. Del. July 27, 2023), *report and recommendation adopted*, 2023 WL 5275237, at *1 (D. Del. Aug. 16, 2023) (stating that even if a court has jurisdiction over the defendant, "the court 'may not exercise that jurisdiction unless venue is proper'" as to the defendant) (quoting *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 446 (D. Del. 1999)). There is no ambiguity in two separate principles of law. Indiana and Delaware courts may have jurisdiction over the parties and the case, but only Delaware courts are the proper venue for disputes.

Second, Applied Ballistics outright ignores the mandatory language regarding venue in the Forum Selection Clause. Forum selection clauses can be either mandatory or permissive. *See Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316, 319 (Del. 2020). "[M]andatory forum

selection clauses contain clear language indicating that litigation will proceed exclusively in the designated forum." *In re Bay Hills Emerging Partners I, L.P.*, 2018 WL 3217650, at *5 (Del. Ch. July 2, 2018). "Under Delaware law, 'if the forum selection provision does not state that it is exclusive in crystalline terms,' it 'will [be] construe[d] . . . as permissive.'" *Brown ex rel. Emergent Props. Inc. v. Building Engines, Inc.*, 2022 WL 2532177, at *4 (S.D.N.Y. Apr. 15, 2022) (quoting *Germaninvestments*, 225 A.3d at 337). If the clause here is permissive, it will not bar the litigation from proceeding in Indiana. *See Germaninvestments AG*, 225 A.3d at 319 ("Applying Delaware law, the forum selection provision is merely permissive, not mandatory. As such, the forum selection provision is no bar to the litigation proceeding in Delaware.").

Here, the Forum Selection Provision is mandatory because it states in clear language that venue lies exclusively in Delaware—"*will* be brought *only* in . . . Delaware, and both Parties consent to *exclusive venue* and jurisdiction therein." [Filing No. 49-4 at 2 (emphases added).] *See In re Bay Hills*, 2018 WL 3217650, at *5; *see also* Bryan A. Garner, The Redbook: A Manual on Legal Style 562 § 27.3(b) (4th ed. 2018) ("mandatory contractual duties generally 'are well expressed with *will*'") (emphasis in original). That jurisdiction may also exist elsewhere does nothing to affect the parties' clear agreement that "exclusive venue" is "only" in Delaware and that any actions "will" be brought there. In short, the Consent to Jurisdiction Clause is permissive and a separate issue, and therefore, does not defeat the mandatory Forum Selection Clause pointing to Delaware as the exclusive venue.

Because there is no ambiguity between the clauses, the Court does not consider parol evidence. *See Vermeer*, 2024 WL 81291, at *4 ("We do not consider extrinsic evidence unless we find that the text is ambiguous.") (quoting *Cox Commc'ns, Inc. v. T-Mobile US, Inc.*, 273 A.3d 752, 760 (Del. 2022)). And because the License Agreement requires venue in Delaware, the Court

turns to whether transfer to the District of Delaware is proper under 28 U.S.C. § 1404(a), as Vortex contends.

### b. Transfer Analysis Under 28 U.S.C. § 1404(a)

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer under § 1404(a) pursuant to a forum selection clause that requires litigation in a different federal court is governed by federal law. *See Atl. Marine Constr. Co.*, 571 U.S. at 58; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)).

Ordinarily, to determine whether transfer is proper under § 1404(a), the Court must evaluate both private-interest and public-interest factors. *Atl. Marine Constr. Co.*, 571 U.S. at 62; 28 U.S.C. § 1404(a)). But when the parties are subject to a valid forum-selection clause—like here—the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. Consequently, the Court may only consider arguments about public-interest factors. *Id.* at 64 (citation omitted).

"Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Constr. Co.*, 571 U.S. at 62. n.6 (quotations and citation omitted). These factors, however, "will rarely defeat a transfer motion," so "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64. In other words, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62 (footnote omitted). The plaintiff bears the burden of establishing that transfer

to the forum for which the parties bargained is unwarranted based on the public-interest factors. *Atl. Marine Constr. Co.*, 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").

Since Applied Ballistics only argues that transfer is unwarranted because Vortex "presents no arguments that would support transfer for the convenience of the parties or their witnesses," the Court need not go further. Applied Ballistics has the burden here—not Vortex—and it has failed to carry that burden by arguing that Vortex has the burden. And by not arguing under the public-interest factors as to why transfer to Delaware is unwarranted, Applied Ballistics waives any such arguments. *See Ross*, 74 F.4th at 434; *Rock Hemp Corp.*, 51 F.4th at 704.

In any event, "in the interest of justice," 28 U.S.C. § 1404(a), the Court explores the public-interest factors. Relating to administrative difficulties stemming from court congestion, the Court notes that the Southern District of Indiana ranks significantly higher in actions per judgeship (tenth) than the District of Delaware (fifty-eighth). United States Courts, *Table N/A—U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics* (Sept. 30, 2023), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/09/30-1 (on PDF data table, showing that Indiana ranks tenth busiest (page 51), while Delaware ranks fifty-eighth busiest (page 14)). Relating to local interest and interest of the forum, these factors amount to a wash because, while Indiana has some interest, Delaware law governs the parties' disputes

15

under the License Agreement.[4]  Thus, the only real factor at issue here—court congestion—weighs heavily in favor of transfer, and since Applied Ballistics failed to identify how this case is one of the rare cases where the Forum Selection Clause should not control, the Court **GRANTS IN PART** Vortex's Motion to Dismiss, [Filing No. 40], to the extent it seeks to transfer this case to the District of Delaware.  The parties contractually agreed to litigate this dispute in Delaware and, in the interest of justice, will be held to that agreement.

### B.  Rule 12(b)(6)

Because the case is being transferred to the District of Delaware, the Court **DENIES IN PART** Vortex's Motion to Dismiss, [Filing No. 40], to the extent that it seeks to dismiss Counts I and II for failure to state a claim upon which relief can be granted under Rule 12(b)(6) **WITHOUT PREJUDICE** to renew the motion in the transferee court.[5]

### IV.
### CONCLUSION

Based on the foregoing, Vortex's Motion to Dismiss the Amended Complaint for Improper Venue, and Failure to State a Claim Upon Which Relief Can Be Granted, [40], is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[4] Although Applied Ballistics argues that the parties do not have a connection to Delaware, it neither cites to authority as to how that affects the Court's analysis of the Forum Selection Clause nor argues that Delaware law does not apply because of an apparent lack of connection, which results in waiver.  See *Rock Hemp Corp.*, 51 F.4th at 704 (The law "is clear that 'perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived.'") (quoting *White*, 8 F.4th at 552).  Instead, it argues that Delaware law does govern the License Agreement, [*see* Filing No. 49 at 6-8], which certainly results in Delaware having an interest.

[5] Denial without prejudice is appropriate because the Court is leaving open the possibility that Vortex may pursue its Rule 12(b)(6) arguments in the proper venue.  See *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) (noting that dismissal without prejudice is appropriate when "the district court has finished with the case but is leaving open the possibility that the parties may pursue the dispute in another forum.")

16

- The motion is **DENIED** as to dismissal for improper venue under Rule 12(b)(3);

- The motion is **GRANTED** as to transfer under 28 U.S.C. § 1404(a); and

- The motion is **DENIED WITHOUT PREJUDICE** as to dismissal of Counts I and II under Rule 12(b)(6) to renew in the transferee court.

The Clerk is **DIRECTED** to **TRANSFER** this case to the United States District Court for the District of Delaware.

Date: 5/6/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**