IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED BALLISTICS INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 24-552-RGA-SRF |
| ) | |
| v. ) | |
| ) | |
| SHELTERED WINGS, INC., d/b/a ) | |
| VORTEX OPTICS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

At Wilmington this **1st** day of **August, 2025**, the court having considered the parties' discovery dispute letters and related submissions (D.I. 133; D.I. 134; D.I. 135; D.I. 136), IT IS ORDERED that the pending joint motion for teleconference to resolve discovery disputes (D.I. 126) is addressed as follows:

1. **Plaintiff's motion to compel Defendant to produce the source code used in Defendant's IMPACT 4000 in response to Request for Production No. 27 is GRANTED-IN-PART.** Plaintiff's Request for Production No. 27 seeks "[t]he Code and Code Repository for Vortex's IMPACT 4000 product." (D.I. 133, Ex. A at 5) Plaintiff has not identified a particular subset of the code that might satisfy its request without requiring the production of all code used in the IMPACT 4000. (*Id.* at 2-3) In January of 2025, Defendant offered to produce source code for the communications protocol developed by third-party Laird Connectivity for the IMPACT 4000. (*Id.*, Ex. B at 2) Plaintiff's letter submission acknowledges this offer was made without explaining why the narrowed scope of the proposal would not satisfy its request. (D.I. 133 at 2; *see* D.I. 91 ("Plaintiff has not shown how broader discovery on the IMPACT 4000 product is

relevant and proportional under Fed. R. Civ. P. 26, nor has it explained why Defendant's proffered production would be deficient.")).

2. Plaintiff's motion to compel is GRANTED with respect to the production of source code for the communications protocol for the IMPACT 4000, in accordance with Defendant's compromise proposal. The provisions of the agreed-upon supplement to the protective order regarding source code are sufficient to address Defendant's confidentiality concerns.[1] (D.I. 124) The motion to compel the production of source code in response to Request for Production No. 27 is DENIED without prejudice in all other respects.

3. Defendant's request to shift costs to Plaintiff for the source code production is DENIED without prejudice. (D.I. 133, Ex. B at 2; D.I. 136 at 2-3) Defendant cites no authority in support of this request, nor does it identify with specificity a particular burden associated with the production.

4. **Plaintiff's motion to compel Defendant to produce documents responsive to Request for Production Nos. 33 and 34 is DENIED without prejudice.** Plaintiff moves to compel the production of documents and communications reflecting consumer inquiries and consumer awareness of the Bluetooth capabilities (or lack thereof) of the VIPER® HD 3000 product. (D.I. 133 at 3-4; Ex. C at 4) According to Plaintiff, these communications are relevant to whether Defendant removed Bluetooth functionality on the VIPER® HD 3000 product or the extent to which Bluetooth functionality remained on the product. (*Id.* at 3) Plaintiff also

---

[1] Defendant suggests Plaintiff is likely to misuse the source code, citing a 2020 email between the president of nVisti, a subsidiary of Plaintiff, and a third party that allegedly included materials encompassed by Defendant's nondisclosure agreement with nVisti. (D.I. 136 at 3) This email was sent prior to the commencement of this litigation, more than five years before the parties agreed to the supplement to the protective order regarding source code. (*Id.*, Ex. A; D.I. 124) The supplement to the protective order regarding source code provides adequate protection for the source code production offered by Defendant. (D.I. 124)

2

contends that these communications are likely to show whether customers believed Plaintiff's Bluetooth functionality was enabled on the VIPER® HD 3000 devices, which is relevant to the value of the trade secrets enabling that technology. (*Id.* at 4) Defendant responds that customer communications are irrelevant to Plaintiff's breach of contract claim regarding the VIPER® HD 3000. (D.I. 136 at 3-4)

5. Plaintiff has not adequately demonstrated the relevance and proportionality of the requested customer communications under Rule 26(b)(1). Questions regarding the extent to which Bluetooth functionality remained on the product are more readily answered through a product tear down of the VIPER® HD 3000, and Defendant's letter brief suggests it would be amenable to a request by Plaintiff for a product sample. (D.I. 136 at 3) To the extent that Plaintiff claims customer communications would reflect the value of the trade secrets enabling Plaintiff's Bluetooth functionality, Plaintiff does not demonstrate how the VIPER® HD 3000 is relevant to its trade secret allegations. (*See* D.I. 91) ("Plaintiff's letter brief presents no argument on which trade secrets are allegedly incorporated into Defendant's VIPER HD 3000 product to establish the relevance and proportionality of discovery on that product under Fed. R. Civ. P. 26.").

6. **Defendant's motion to compel Plaintiff to produce unredacted agreements, contracts, and licenses between Plaintiff and third parties is GRANTED-IN-PART.** Plaintiff represents that it has produced more than 100 nondisclosure and license agreements with third parties that do not authorize disclosure of the third parties' identity absent consent. (D.I. 135 at 1) To facilitate the production of this material in a timely manner, Plaintiff redacted identifying information regarding the third parties before producing the agreements. (*Id.* at 2)

3

7. Defendant argues that Plaintiff's redactions encompass more than the identities of the third parties, but it cites only two examples of more extensive redactions at AB_0027370 and AB_0027380. (D.I. 134 at 3; Ex. A at 1) No examples are attached as exhibits to Defendant's letter submission. The balance of Defendant's argument focuses on the court's prior rejection of proposed language in the protective order broadly allowing the parties to redact irrelevant information contained in highly confidential documents. (*Id.*; D.I. 91)

8. Defendant's motion to compel is GRANTED-IN-PART consistent with Plaintiff's proposed compromise, under which Plaintiff agreed to seek authorization from ten contracting parties for release of the unredacted version of the agreement(s) with those parties and produce those unredacted agreements to Defendant upon approval by the third parties. (D.I. 135, Ex. B at 1) The agreements at AB_0027370 and AB_0027380 must be included among those for which a release is sought. The balance of Defendant's request is DENIED without prejudice. Defendant generally describes its belief "that the details likely hidden under the redactions are necessary for a proper understanding of the documents, as well as the terms under which [Plaintiff] licensed its alleged trade secrets[.]" (D.I. 134 at 3) But Defendant's letter submission cites no exhibits or documents in support of this allegation, and it identified only two documents out of more than 100 to support this position in its communications with Plaintiff. (*Id.*, Ex. A at 1) The license agreement attached as an exhibit to Plaintiff's letter submission supports Plaintiff's position that the redactions were mostly limited to information regarding the identity of the third parties. (D.I. 135, Ex. A) This information is not necessary for a proper understanding of the agreements or the terms under which Plaintiff licensed its purported trade secrets.

4

9. **Defendant's motion to compel Plaintiff to supplement its production in response to Request for Production Nos. 7 and 35 is DENIED without prejudice.** In the challenged Requests for Production, Defendant seeks the production of : (a) communications between Plaintiff and nVisti about the relationship between nVisti and Defendant; and (b) communications between Plaintiff and nVisti regarding Defendant. (D.I. 134, Ex. B at 5, 8) Defendant contends that Plaintiff's existing production, which was made after applying agreed-upon search terms, suggests certain types of documents remain missing from the production. (*Id.* at 3-4; *see also* D.I. 135, Ex. C at 2) Specifically, Defendant argues that documents in Plaintiff's production allude to the existence of statements of work between Plaintiff and nVisti, as well as contracts between Plaintiff and nVisti that restrict nVisti from working for any third party. (D.I. 134 at 4) Defendant represents that it proposed additional search terms to capture the proper scope and Plaintiff refused to run another search. (*Id.*) However, Defendant does not identify the proposed additional search terms, nor does it cite any exhibit confirming its request to Plaintiff to run an additional search. (*Id.*) Plaintiff denies that any additional search terms were proposed with respect to Request for Production Nos. 7 and 35. (D.I. 135 at 3)

10. Plaintiff argues that it ran the parties' agreed-upon search terms and produced all responsive documents, and its production is now complete. (D.I. 135 at 2-4) The record before the court supports Plaintiff's representations. Plaintiff's supplemental responses to Request for Production Nos. 7 and 35, which were served on January 28, 2025, confirm that Plaintiff agreed to produce non-privileged responsive documents and represented that it was not withholding any documents based on its prior objections to the discovery requests. (D.I. 135, Ex. D at 6, 26) In a subsequent letter dated June 2, 2025, Plaintiff confirmed that it ran the negotiated search terms, including "<<(Agreement OR license OR contract) AND Vitalbo>> and <<"nVisti" /25

5

"vortex">>," and it produced over 2,850 responsive documents based on those terms. (*Id.*, Ex. C at 2)

11. Plaintiff also addresses the categories of documents Defendant alleges to be missing, confirming that it does not have "statements of work" between nVisti and Defendant in its possession and suggesting that, if such documents do exist, they would presumably be in Defendant's possession. (D.I. 135 at 3) Plaintiff confirms that all contracts and agreements between Plaintiff and nVisti have been produced, and a communication regarding a 2012 agreement between Plaintiff and nVisti indicates a potential dispute regarding the scope of that 2012 agreement, rather than the existence of additional agreements. (*Id.*) Absent evidence to the contrary, the court must take Plaintiff at its word that additional documents responsive to Request for Production Nos. 7 and 35 do not exist. *See Novanta Corp. v. Iradion Laser, Inc.*, C.A. No. 15-1033-SLR-SRF, 2016 WL 4987110, at *3 (D. Del. Sept. 16, 2016) (citing cases).

12. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

    **a.** Plaintiff's motion to compel Defendant to produce the source code used in Defendant's IMPACT 4000 in response to Request for Production No. 27 is GRANTED-IN-PART. Specifically, Plaintiff's motion to compel is GRANTED with respect to the production of source code for the communications protocol for the IMPACT 4000, in accordance with Defendant's compromise proposal. Defendant shall produce the source code on or before **August 14, 2025**. The motion to compel the production of source code in response to Request for Production No. 27 is DENIED without prejudice in all other respects.

    b. Defendant's request to shift costs to Plaintiff for the source code production is DENIED without prejudice.

    c. Plaintiff's motion to compel Defendant to produce documents responsive to Request for Production Nos. 33 and 34 is DENIED without prejudice.

    d. Defendant's motion to compel Plaintiff to produce unredacted agreements, contracts, and licenses between Plaintiff and third parties is GRANTED-IN-PART. Specifically, Defendant's motion to compel is GRANTED to the extent it is consistent with Plaintiff's proposed compromise, under which Plaintiff agreed to seek authorization from ten contracting parties for release of the unredacted version of the agreement(s) with those parties and produce those unredacted agreements to Defendant upon approval by the third parties. (D.I. 135, Ex. B at 1) The agreements at AB_0027370 and AB_0027380 must be included among those for which a release is sought. Plaintiff shall seek authorization such that the third parties will produce the unredacted agreements to Defendant on or before **August 14, 2025.** The balance of Defendant's request is DENIED without prejudice.

    e. Defendant's motion to compel Plaintiff to supplement its production in response to Request for Production Nos. 7 and 35 is DENIED without prejudice.

IT IS FURTHER ORDERED that the discovery dispute teleconference set for August 5, 2025 at 2:00 p.m. is CANCELLED.

    **13.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the

unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **August 8, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**14.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**15.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge