IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLIED BALLISTICS INC., | |
| Plaintiff, | |
| v. | Civil Action No. 24-552-RGA |
| SHELTERED WINGS INC., | |
| Defendant. | |

MEMORANDUM ORDER

Plaintiff Applied Ballistics filed a complaint asserting three counts against Defendant. The three counts allege federal trade secret misappropriation, Indiana trade secret misappropriation, and breach of a license agreement. (D.I. 1). Defendant (a/k/a Vortex) filed a motion to dismiss the two trade secret misappropriation counts for failure to state a claim. (D.I. 15). Plaintiff filed an amended complaint with the same three counts (D.I. 26), mooting the motion to dismiss (D.I. 28). Defendant filed a second motion to dismiss the two trade secret misappropriation counts for failure to state a claim. (D.I. 40). Plaintiff opposed the motion. (D.I. 49). Defendant replied. (D.I. 54). The District Court for the District of Indiana transferred the case here, and it denied the motion to dismiss without prejudice in light of the transfer. (D.I. 55). In Delaware, Defendant filed a third motion to dismiss the two trade secret misappropriation counts for failure to state a claim. (D.I. 62). The motion was fully briefed. (D.I. 63; D.I. 73; D.I. 74). I granted the (partial) motion to dismiss but gave Plaintiff leave to file an amended complaint. (D.I. 105). Plaintiff filed the second amended complaint with the same three counts. (D.I. 106). Defendant filed a fourth motion to dismiss the two trade secret misappropriation counts for failure to state a claim. (D.I. 109). That motion was fully briefed.

(D.I. 110; D.I. 114; D.I. 115). Seven months passed. Plaintiff then moved to amend the complaint once again so that it could "withdraw the trade secret claims." (D.I. 168). That motion was fully briefed. (D.I. 169; D.I. 172; D.I. 175).

At this point, the two trade secret counts clearly are not going to continue to be part of this case. The parties are essentially arguing whether the two counts should be dismissed/withdrawn with or without prejudice and whether Defendant should be able to get attorneys' fees, now, later, or never. (D.I. 169 at 7-9; D.I. 172 at 10-14; D.I. 175 at 1-7).

The parties appear to agree that the issues raised by the motion to amend are analogous to issues that are considered in ruling on motions to dismiss pursuant to Rule 41 of the Rules of Civil Procedure. (D.I. 169 at 7 ("equivalent to a voluntary dismissal under Rule 41"); D.I. 172 at 11 ("this type of voluntary dismissal situation")).[1] Here's what I have previously said about Rule 41 dismissals.

> Third Circuit law favors the grant of voluntary dismissals. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). A motion for voluntary dismissal should be granted unless the dismissal will result in legal prejudice to the defendant. *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 2006 WL 890880, at *1 (D. Del. Apr. 3, 2006). In determining whether legal prejudice will result from dismissal of the claim, "a court should consider 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss." *Reach & Assocs. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004) (cleaned up).

*Wrinkl, Inc. v. Meta Platforms, Inc.,* 2023 WL 6929359, at *1 (D. Del. Oct. 19, 2023).

---

[1] Defendant has not answered any of the complaints. Thus, as Plaintiff suggests (D.I. 169 at 1 n.2), analogy to Rule 41 would lead to the conclusion that Plaintiff could dismiss the counts without prejudice without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). I don't believe Defendant responded to this point, perhaps because it was only raised in a footnote. I therefore do not rely upon this suggestion.

I note Plaintiff's representation that "[Applied Ballistics] has no plans to file a second litigation on these trade secret claims (and the statute of limitations likely would prevent re-filing the claims, unless Vortex has hidden its misappropriation)." (D.I. 169 at 8; *see* D.I. 175 at 2 (describing a second lawsuit as an "unlikely event" and "stipulat[ing] that if there were a second lawsuit, Vortex could use all the discovery in this case)). It is hard to imagine that there would be any incentive for Plaintiff to file another trade secret case after Plaintiff has determined that the trade secret counts in this case should not be pursued.

I think whether to dismiss with or without prejudice is a close issue. Plaintiff filed its motion before the beginning of expert discovery. The parties dispute how much of the fact discovery was about the trade secret counts and how much was about the breach of contract count. Defendant says it has spent "seven figures" (D.I. 172 at 11) defending the case but does not break down or even hint at how much of that was spent beyond what would have been spent if the case only involved the breach of contract count.

Vortex says Plaintiff was not diligent in moving to dismiss. (D.I. 172 at 13-14). Plaintiff argues otherwise. (D.I. 175 at 4-5). Vortex's argument is, I think, essentially that the trade secret counts should never have been brought in the first place, or, alternatively, that its motions to dismiss should have long ago convinced Plaintiff to dismiss the trade secret counts. Only one of Vortex's motions to dismiss resulted in a dismissal for failure to state a claim, and, in that instance, I gave Plaintiff leave to file an amended complaint. Based on the time it took Plaintiff to get any source code to review, I conclude Plaintiff has been diligent in moving to dismiss.

Considering all the above, I think dismissal without prejudice and without other conditions is appropriate. I express no opinion about any attorneys' fees issue other than what is stated above.

Thus, the motion to dismiss (D.I. 109) is DISMISSED as moot. The motion to amend the complaint (D.I. 168) is GRANTED. The two trade secret counts are WITHDRAWN without prejudice.

IT IS SO ORDERED this 4th day of February 2026.

/s/ Richard G. Andrews
United States District Judge